UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIM JAWORSKI,

                                        Plaintiff,
        v.                                                      Civil Action No. _____

DIVERSIFIED CONSULTANTS, INC.,


                                        Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.  This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. § 133.

3.  Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4.  Plaintiff Tim Jaworski is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5.  Defendant Diversified Consultants, Inc.. (hereinafter "DCI") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6.  The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

7.  Defendant regularly attempts to collect debts alleged to be due another.

8. All references to either defendant herein shall mean said defendant or an employee of said defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff allegedly incurred an AT & T debt for DirectTV. This debt will be referred to as the "subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. Plaintiff allegedly defaulted on the subject debt.

12. In or about June 6, 2019, Plaintiff received correspondence from the Defendant in an attempt to collect on the subject debt.

13. In or about June 11, 2019, Plaintiff then called the Defendant and disputed that he owed the subject debt.

14. In or about July 22, 2019, Plaintiff sent a certified letter to Defendant advising them that he disputed owing the alleged debt and refused to pay. Plaintiff also provided proof that he did not owe the alleged debt.

15. On July 25, 2019, Defendant received the aforementioned dispute letter from the Plaintiff.

16. Despite receipt of the Plaintiff's letter, Defendant continued to contact the Plaintiff.

17. In or about September 25, 2019, Defendant sent Plaintiff a letter stating that they had received his dispute and have investigated and verified that the account information is accurate including the name listed on the account as well as the amount owed.

18. That Defendant also called the Plaintiff in or about October 2019 in an attempt to collect the alleged subject debt.

19. That as a result of Defendant's acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

A.  Defendant violated 15 U.S.C. §1692c(c) by continuing to contact the Plaintiff despite receipt of his dispute and refusal to pay letter.

B.  Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e2, 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f,, and 15 U.S.C. §1692f(1) by continuing to attempt to collect the alleged subject debt from the Plaintiff despite being provided proof that the Plaintiff did not owe the alleged subject debt.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for:

(a)  Actual damages;

(b)  Statutory damages pursuant to 15 U.S.C. §1692k.

(c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: September 17, 2020

/s/Seth J. Andrews _____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:  sandrews@kennethhiller.com
khiller@kennethhiller.com